**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ISIDRO JUAN FRANCISCO,

        Petitioner,

  v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

No. 14-71016

Agency No. A070-636-716

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Isidro Juan Francisco, native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion in denying Juan Francisco's motion to reopen as untimely, where the motion was filed more than two years after the BIA's final order, and Juan Francisco failed to establish materially changed country conditions in Guatemala based on a disfavored group and imputed political opinion claim to qualify for the regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi*, 538 F.3d at 996 (to prevail on a motion to reopen based on changed country conditions, applicant must produce material evidence of changed country conditions that establishes prima facie eligibility for the relief sought).

We reject Juan Francisco's contentions that the BIA erred or acted arbitrarily in stating that motions to reopen are disfavored, *see Toufighi*, 538 F.3d at 993 (observing that motions to reopen are disfavored), or that it misconstrued the purpose of his motion, *see* 8 C.F.R. § 1003.2(c)(3)(ii).

Juan Francisco's contentions that the BIA ignored evidence, failed to sufficiently address his asylum and withholding of removal claims, and failed to address at all his Convention Against Torture claim, are unsupported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA need not

"write an exegesis on every contention" (citation and internal quotation marks omitted)).

Finally, we deny Juan Francisco's request for judicial notice of extra-record information discussed in his opening brief. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED**.